**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| Bridgett Moses Rucker, <br><br>                        Plaintiff, <br><br><br><br><br>        -v.- <br> Trans Union LLC; <br> Experian Information Solutions, Inc.; <br> Well Fargo Bank, NA; <br> and Western-Shamrock Corporation. <br><br>                     Defendant(s). | Civil Action No: 5:19-cv-685 <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Bridgett Moses Rucker (hereinafter, "Plaintiff"), brings this Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Trans Union, LLC ("Transunion"), Defendant Experian Information Solutions, Inc., ("Experian") Defendant Well Fargo Bank NA ("Wells Fargo") and Defendant Western-Shamrock Corporation ("Western Shamrock"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## **PARTIES**

4. Plaintiff is a resident of the State of Texas, County of Bexar, residing at 11330 Estufa Cyn, San Antonio, TX 78245.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is a Ohio corporation registered to do business in the State of Texas, and may be served with process upon Corporation Service Company its registered agent for service of process at 1999 Bryan St, Ste 900, Dallas, TX 75201-3140.

7. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of Texas, and

may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 211 East 7th Street, Ste 620, Austin, TX, 78701.

10. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Western-Shamrock is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address of 801 S Abe St, Ste 2-A, San Angelo, TX 76903-6735 and an address for service c/o its registered agent Scott Wisniewski, at 801 S Abe St, Ste 2-A, San Angelo, TX 76903-6735.

13. Defendant Wells Fargo Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address of 464 California St, San Francisco, CA 94104.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

<u>Wells Fargo Dispute and Violation (Experian)</u>

15. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her Wells Fargo account.

16. The inaccurate information furnished by Defendant Wells Fargo and published by Defendant Experian is inaccurate since the credit reports lists several inaccurate late payments and the past due balance is incorrect since the account is charged off it should be zero.

17. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

18. Plaintiff notified Experian that she disputed the accuracy of the information Experian was reporting, on or around September 27, 2018.

19. It is believed and therefore averred that Defendant Experian notified Defendant Wells Fargo of Plaintiff's dispute.

20. Upon receipt of the dispute of the account from the Plaintiff by Experian, Wells Fargo failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including continuing to list the inaccurate late payments and a past due balance.

21. Additionally, Wells Fargo failed to mark the account as disputed, despite being required to do so.

22. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Experian did not evaluate or consider any of

the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

23. Notwithstanding Plaintiff's efforts, Defendant Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant Experian continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

24. As of the date of the filing of the filing of this Complaint, Defendant Experian continues to furnish credit data which is inaccurate and materially misleading, and Defendant Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

25. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

26. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Wells Fargo Dispute and Violation (Transunion)</u>

27. On information and belief, on a date better known to Defendant Transunion, Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her Wells Fargo account.

28. The inaccurate information furnished by Defendant Wells Fargo and published by Defendant Transunion is inaccurate since the credit reports lists several inaccurate late payments and a past due balance when the account has been written off and charged off.

29. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

30. Plaintiff notified Transunion that she disputed the accuracy of the information Experian was reporting, on or around September 27, 2018.

31. It is believed and therefore averred that Defendant Transunion notified Defendant Wells Fargo of Plaintiff's dispute.

32. Upon receipt of the dispute of the account from the Plaintiff by Transunion, Wells Fargo failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including continuing to list the inaccurate late payments.

33. Additionally, Wells Fargo failed to mark the account as disputed, despite being required to do so.

34. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Transunion did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

35. Notwithstanding Plaintiff's efforts, Defendant Transunion sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant Transunion continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

36. As of the date of the filing of the filing of this Complaint, Defendant Transunion continues to furnish credit data which is inaccurate and materially misleading, and Defendant Transunion's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

37. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

38. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Western Shamrock Dispute and Violation</u>

39. On information and belief, on a date better known to Defendant Transunion, Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her Western Shamrock account.

40. The inaccurate information furnished by Defendant Western Shamrock and published by Defendant Transunion is inaccurate since the account lists a balance amount that is inaccurate. Specifically, contradictory past due and balance amounts, when the debt is charged off, they should be equal.

41. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

42. Plaintiff notified Transunion that she disputed the accuracy of the information Transunion was reporting, on or around September 27, 2018.

43. It is believed and therefore averred that Defendant Transunion notified Defendant Western Shamrock of Plaintiff's dispute.

44. Upon receipt of the dispute of the account from the Plaintiff by Transunion, Western Shamrock failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including continuing to report inaccurate balance amounts.

45. Additionally, Western Shamrock failed to mark the account as disputed, despite being required to do so.

46. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Transunion did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

47. Notwithstanding Plaintiff's efforts, Defendant Transunion sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant Transunion continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

48. As of the date of the filing of the filing of this Complaint, Defendant Transunion continues to furnish credit data which is inaccurate and materially misleading, and Defendant Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

49. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

50. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

52. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

53. Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

54. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

     f)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

     g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

     h)   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

55. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

56. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

57. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

60. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

61. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

62. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

63. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

64. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **THIRD CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Transunion)**

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

66. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

67. Transunion violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

68. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

69. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

70. The conduct, action and inaction of Transunion was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

71. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Transunion)

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

73. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

74. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

75. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

76. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

77. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

78. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Wells Fargo)

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

80. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

81. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

82. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

83. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

84. Defendant Wells Fargo violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

85. Specifically, Defendant Wells Fargo continued to report this account with inaccurate late payments and inaccurate balance information.

86. Additionally, Defendant Wells Fargo failed to mark the account with a disputed notation, despite receiving the dispute letter.

87. As a result of the conduct, action and inaction of the Defendant Wells Fargo, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit,

and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

88. The conduct, action and inaction of Defendant Wells Fargo was willful, rendering Defendant Wells Fargo liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

89. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant Wells Fargo for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Defendant Wells Fargo)

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

91. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

92. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

93. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

94. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above named Defendant must report the results to other agencies which were supplied such information.

95. Defendant Wells Fargo is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

96. After receiving the Dispute Notice from Experian and Transunion, Defendant Wells Fargo negligently failed to conduct its reinvestigation in good faith.

97. A reasonable investigation would require a furnisher such as Defendant Wells Fargo to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

98. Additionally, the Defendant Wells Fargo failed to mark the account as disputed after receiving the dispute letter.

99. The conduct, action and inaction of Defendant Wells Fargo was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

100.    As a result of the conduct, action and inaction of the Defendant Wells Fargo, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

101.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant Wells Fargo, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant Western Shamrock)

102.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

103.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

104.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

105.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

106.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

107.    Defendant Western Shamrock violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to

review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

108.     Specifically, Defendant Western Shamrock continued to report to the credit bureaus contradictory information regarding the balance owed.

109.     Additionally, Defendant Western Shamrock failed to mark the account with a disputed notation, despite receiving the dispute letter.

110.     As a result of the conduct, action and inaction of the Defendant Western Shamrock, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

111.     The conduct, action and inaction of Defendant Western Shamrock was willful, rendering Defendant Western Shamrock liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

112.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant Western Shamrock for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **EIGHTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Defendant Western Shamrock)**

113.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

114.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

115.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

116.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

117.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

118.     Defendant Western Shamrock is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

119.     After receiving the Dispute Notice from Transunion, Defendant Western Shamrock negligently failed to conduct its reinvestigation in good faith.

120.     A reasonable investigation would require a furnisher such as Defendant Western Shamrock to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

121.     Specifically, Defendant Western Shamrock continued to report to the credit bureau inaccurate and contradictory balance amounts.

122.     Additionally, the Defendant Western Shamrock failed to mark the account as disputed after receiving the dispute letter.

123.     The conduct, action and inaction of Defendant Western Shamrock was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

124.     As a result of the conduct, action and inaction of the Defendant Western Shamrock, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

125.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Western Shamrock in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Bridgett Moses Rucker, an individual, demands judgment in her favor against Defendant Western Shamrock, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **DEMAND FOR TRIAL BY JURY**

126.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15
   U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and
   disbursements of this action as this Court may deem just and proper.

Dated:  June 14, 2019                    Respectfully Submitted,

                                        **STEIN SAKS, PLLC**

                                        _/s/ Yaakov Saks_
                                        Yaakov Saks, Esq.
                                        285 Passaic Street
                                        Hackensack, NJ 07601
                                        Tel:  201-282-6500
                                        ysaks@steinsakslegal.com